# In the United States Court of Federal Claims

No. 20-505C
(Filed: May 12, 2021)
**NOT FOR PUBLICATION**

```
*****************************************
RICHARD RALPH MALCOLM,            *
                                  *
               Plaintiff,         *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
               Defendant.         *
                                  *
*****************************************
```

## ORDER

Richard Ralph Malcolm is a former member of the United States Navy. He requests that this Court direct the Navy to (1) find him retroactively unfit to serve and retire him as disabled, (2) remove all negative remarks from his record, and (3) pay him $1,000,000 in compensation. The parties have filed cross-motions for judgment on the administrative record.[1] Mr. Malcolm has also moved for leave to serve subpoenas.[2]

Neither party has shown a basis for judgment on the record. It appears, however, that the Board for Correction of Naval Records (BCNR) failed to consider all of Mr. Malcolm's evidence. The Court therefore **DENIES** each pending motion. The Court will remand to the BCNR for further consideration of Mr. Malcolm's claims.

Mr. Malcolm has represented himself in this case and prior similar matters. Further proceedings may benefit from participation of counsel on his behalf. The Court therefore **STAYS** the case for 60 days for potential referral to pro bono representation. If Mr. Malcolm wishes to be referred for pro bono representation, he is **ORDERED** to file his written consent.

## BACKGROUND

Mr. Malcolm enlisted in the Navy on February 7, 2002, served briefly aboard the USS *Abraham Lincoln*, and separated from active duty on December 5, 2002. Administrative Record (AR) 3–4. During his short service Mr. Malcolm was diagnosed

---

[1] Mot. for Judgment on the AR (ECF 12); Pl.'s Resp. & Cross Mot. for Judgment on the AR (ECF 16); Def.'s Reply & Resp. (ECF 22); Pl.'s Reply (ECF 25).
[2] Def.'s Mot. to Subpoena (ECF 28).

with "occupational problems" and "adjustment disorder." *Id.* While aboard the *Abraham Lincoln*, he repeatedly visited the ship's medical providers for vague physical and mental ailments and was twice disciplined for violations of the Uniform Code of Military Justice. AR 3–4, 268, 313–17. As a result of those violations and his otherwise poor performance, Mr. Malcolm was separated from the Navy for "misconduct," with his service characterized as "Other than Honorable." AR 4, 324.

In 2013, Mr. Malcolm was diagnosed with bipolar disorder. AR 4. Two civilian psychiatrists wrote short diagnostic statements on his behalf at the time. *See* AR 48, 337, 195. Mr. Malcolm has contended ever since — in administrative proceedings and before this Court — that his mental health rendered him unfit for service and caused his misconduct, entitling him to correction of his medical records and other forms of relief.

Mr. Malcolm first requested that the Naval Discharge Review Board (NDRB) upgrade his discharge to "honorable." AR 212. Mr. Malcolm attached one brief diagnostic statement dated April 15, 2013. AR 212, 337. The NDRB discounted that evidence as "too far removed in time from his active service to be relevant to his mental health during his enlistment in 2002." AR 212. The NDRB denied relief in 2014. AR 211.

He next submitted a similar request to the BCNR, attaching a second cursory psychiatrist letter and further requesting that the discipline he incurred in the Navy be expunged from his record. AR 199. The BCNR denied his request in 2015, finding "no evidence in the record … that [Mr. Malcolm was] diagnosed with, or denied treatment for, bipolar I condition while in the service." AR 200.

Mr. Malcolm then filed his first *pro se* suit in this Court, seeking correction of his naval records to reflect an "honorable" discharge, back pay, and disability retirement pay. *Malcolm v. United States*, No. 16-545C, 2017 WL 105946 (Fed. Cl. Jan. 11, 2017), *aff'd,* 690 F. App'x 687 (Fed. Cir. 2017). The Court dismissed his back-pay claim as untimely. *Id.* at *1. Because Mr. Malcolm had not presented his claim for disability retirement to the BCNR, the Court dismissed that claim as unripe. *Id.* In the absence of a justiciable claim for money, his claim for correction of his record was dismissed as well. *Id.*

After this Court's dismissal, Mr. Malcolm filed a new petition with the BCNR seeking disability benefits. AR 28. The BCNR, after obtaining advisory opinions from the Council of Review Boards, denied that request in 2017. AR 30. Regarding his 2013 bipolar disorder diagnoses, the BCNR found insufficient evidence that the condition existed during Mr. Malcolm's naval service:

> The Board considered your 2013 medical diagnosis of Bi-Polar disorder but was unable to draw a nexus between the 2013 diagnosis and your symptoms in 2002. … In the Board's opinion, the severity of the symptoms that led to your 2013 diagnoses did not exist in 2002 prior to your discharge and the Board was unwilling to make that connection

without medical evidence that substantiates your Bi-Polar condition existed in 2002.

AR 29. The BCNR also found that even if Mr. Malcolm had bipolar disorder in 2002, he was "mentally responsible" for his misconduct. AR 29–30.

Mr. Malcolm challenged the BCNR's denial of his petition for disability benefits in a second *pro se* suit before this Court. *Malcolm v. United States*, No. 17-1417C, 2018 WL 1770525 (Fed. Cl. Apr. 12, 2018), *aff'd*, 752 F. App'x 973 (Fed. Cir. 2018). This Court held that "the BCNR was not arbitrary or capricious in its decision to deny relief based on the lack of evidence of plaintiff having suffered from his disability at or prior to his discharge." *Id.* at *4. The 2013 diagnostic statements, the Court agreed, "do not provide the missing link." *Id.*

That brings us to the present case. Mr. Malcolm returned to the BCNR in 2018, again requesting a medical disability discharge upgrade, and further requesting that all negative remarks and non-judicial punishments be removed from his record. AR 8. In his renewed claim, Mr. Malcolm asserted that his discipline and discharge were unjust because he was "under psychosis due to on the job stress which triggered bipolar I, rapid cycling." *Id.*

In support of his claim, Mr. Malcolm submitted — for the first time — a new psychological evaluation performed by U.S. Department of Veterans Affairs (VA) doctors in 2018. AR 9–24. The 2018 VA evaluation involved discussions with both Mr. Malcolm and his mother regarding his adolescence, adulthood, time in the Navy, and life after his discharge. In line with the 2013 diagnosis, the VA evaluators determined that Mr. Malcolm suffered from "Bipolar I Disorder with mood-congruent psychotic features." AR 23. But the VA evaluation also detailed a longer history of psychological symptoms that existed during the time of his military service and before. The evaluation disclosed that beginning around the age of 19, Mr. Malcolm suffered from "depressive episodes" involving "depressed mood, anhedonia, social withdrawal, low energy and fatigue, concentration problems, sleep disturbance and not leaving his bed for long period of time, appetite disturbance, and thoughts of death with no active suicidal ideation." AR 21. The VA evaluation also noted that Mr. Malcolm "describe[d] a history of mood fluctuations, decreased need for sleep, paranoid ideation, and non-command auditory and visual hallucinations that initially developed during his military deployment at age 24." AR 22; *see also, e.g.*, AR 13, 14–15. Those findings of the VA evaluation did not appear in Mr. Malcolm's previous medical records or administrative submissions.

The BCNR reviewed Mr. Malcolm's latest petition and granted him partial relief, upgrading him from an "Other than Honorable" discharge to a general discharge and changing his discharge authority from a misconduct discharge to secretarial authority. AR 4. The BCNR stated that Mr. Malcolm "should have been administratively separated during basic training after being diagnosed with occupational problems … and, by placing him in an operational environment, the Navy likely exacerbated his adjustment disorder contributing to his misconduct." *Id.*

The BCNR, however, denied Mr. Malcolm's requests for disability retirement and for removal of negative remarks and non-judicial punishments from his record. In so doing, the BCNR stated that it had "considered his 2013 bipolar diagnosis" but "felt [that it] was too distant in time from his discharge date to be probative" and that "too many potential intervening factors exist[ed] to be able to rely on the 2013 diagnosis as a basis to overturn the 2002 adjustment disorder diagnosis." AR 4–5. The BCNR stated that it "substantially concurred" with the advisory opinions connected to the 2017 BCNR decision, *id.*, but did not obtain new ones. The BCNR did not discuss the 2018 VA evaluation at all.

Mr. Malcolm finally filed the present lawsuit before the Court, representing himself *pro se* as he has done before.

## DISCUSSION

When this Court reviews BCNR decisions on motions for judgment on the administrative record, it looks only to "whether the Board's decision is arbitrary and capricious, unsupported by substantial evidence, or contrary to law." *Walls v. United States*, 582 F.3d 1358, 1368 (Fed. Cir. 2009) (quoting *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006)); *see also Johnson v. United States*, 93 Fed. Cl. 666, 672 (2010). The BCNR's denial of an applicant's request must articulate "the reasons for the determination that relief should not be granted, including the applicant's claims of constitutional, statutory, and/or regulatory violations that were rejected, together *with all the essential facts* upon which the denial is based." *Bolton v. Dep't of the Navy Bd. for Corr. of Naval Recs.,* 914 F.3d 401, 407 (6th Cir. 2019) (emphasis added) (quoting 32 C.F.R. § 723.3(e)). While correction boards are afforded deference, they must address the facts in the record and connect the facts to their decisions — otherwise the decisions are arbitrary and capricious. *See Jackson v. Mabus*, 919 F. Supp. 2d 117, 121 (D.D.C. 2013); *see also Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) ("[A]n agency's explanation must minimally contain 'a rational connection between the facts found and the choice made.'") (citations omitted); *Morrison v. Sec'y of Def.*, 760 F. Supp. 2d 15, 20 (D.D.C. 2011) ("Although not an investigative body, the BCNR is required to review 'all pertinent evidence of record' when it examines applications to correct naval records.") (citations omitted) (citing 32 C.F.R. §§ 723.2(b), 723.3(e)(1)).

The BCNR did not meet that standard because it failed to address the evidence Mr. Malcolm presented — in particular, the 2018 VA evaluation. Instead, the BCNR repeated its earlier conclusions based on Mr. Malcolm's previous petition, which included only his 2013 diagnoses. That omission matters because the 2018 VA evaluation could be read to contain precisely the information that the NDRB and BCNR previously found lacking: a connection between Mr. Malcolm's mental health diagnosis and the time of his naval service. It may be that the 2013 diagnoses are too remote to bear on Mr. Malcolm's condition in 2002, but it does not follow that the 2018 VA evaluation is too. When Mr. Malcolm returned to the BCNR with new information intended to bridge the gap between his service and his diagnosis, the BCNR was not at liberty to ignore it altogether.

Defendant contends that the VA evaluation "does little to add to the picture of Mr. Malcolm's 2002 mental health condition." *See* Mot. for Judgment on the AR at 17 (ECF 12). That may ultimately be correct, but it is attorney argument, not the considered opinion of the BCNR — which, again, did not mention the VA evaluation at all. *See Verbeck v. United States*, 97 Fed. Cl. 443, 460 n. 25 (2011) (explaining that *post hoc* justifications of attorneys do not substitute for the agency's own reasoning).

Because neither party has shown entitlement to judgment on the administrative record, the best course is for the BCNR to consider the VA evaluation in the first instance. The Court expresses no opinion on the document's ultimate significance or the merits of Mr. Malcolm's claims.

## CONCLUSION

The parties' motions for judgment on the administrative record (ECF 12; ECF 16) are **DENIED** without prejudice.

Future proceedings in this case may benefit from participation of counsel on Mr. Malcolm's behalf. The Court of Federal Claims Bar Association maintains a program for referral of consenting plaintiffs to volunteer pro bono representation. Mr. Malcolm is **ORDERED** to file a notice no later than **June 11, 2021** indicating whether he consents to such referral. If Mr. Malcolm provides consent, this Court will refer the case to the Bar Association. The Court emphasizes that all decisions concerning representation, if any, will be by mutual agreement between Mr. Malcolm and an attorney. The Court makes no guarantee that the Bar Association will be successful in identifying possible counsel, and the Court does not endorse representation by any individual attorney. No attorney is obligated to represent Mr. Malcolm, and Mr. Malcolm is not obligated to engage any particular attorney.

This case is **STAYED** until **July 12, 2021**. When the stay lifts, the case will be remanded to the BCNR pursuant to RCFC 52.2. The terms of the remand will be ordered at that time. In light of the remand, and because any questions about the scope of the record on remand should be addressed by the BCNR, Mr. Malcolm's motion for subpoenas (ECF 28) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge