# In the United States Court of Federal Claims

No. 20-505C
(Filed: September 30, 2022)
**NOT FOR PUBLICATION**

```
*****************************************
RICHARD RALPH MALCOLM,                  *
                                        *
                 Plaintiff,             *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                 Defendant.             *
                                        *
*****************************************
```

## OPINION AND ORDER

This case returns to the Court after a remand to the Board for Correction of Naval Records ("BCNR"). Plaintiff Richard Ralph Malcolm — proceeding *pro se* — seeks medical disability retirement and removal of derogatory information about his conduct from his military record. The parties have filed cross-motions for judgment on the administrative record. *See* Pl.'s Mot. (ECF 53);[1] Def.'s Am. Opp. & Cross-Mot. (ECF 55).[2] The government's motion is **GRANTED** and Plaintiff's motion is **DENIED**. The case is **DISMISSED**.

## BACKGROUND

Most of the relevant facts and procedural history are set out in my order of May 12, 2021, in which I denied the parties' previous motions for judgment on the administrative record. *See* Order (ECF 29).

---

[1] Plaintiff's motion is presented as a motion for summary judgment. I construe it as a motion for judgment on the administrative record.

[2] Plaintiff has also filed another document captioned "Motion for Judgement and to supplement the Administrative Record" (ECF 56) which I construe as a response to the government's cross-motion and reply in support of Plaintiff's motion, combined with a motion to supplement the record. In support of his motion to supplement, Plaintiff states that his mother "will testify" to certain facts, but does not otherwise describe how he wishes to add to the administrative record. *Id.* at 4. Elsewhere Plaintiff refers to statements by a doctor about his mental condition. Pl.'s Mot. at 3–4. Supplementation of the administrative record — with his mother's testimony or any other material — is **DENIED** because (1) Plaintiff had the opportunity to add additional material to the record with his briefing on remand to the BCNR, and (2) he has not shown how any of the limited bases for supplementing the record apply. *See Naval Sys., Inc. v. United States*, 153 Fed. Cl. 166, 178–82 (2021).

Plaintiff served in the Navy in 2002. Administrative Record ("AR") 3–4. During his short service Mr. Malcolm was diagnosed with "occupational problems" and "adjustment disorder," was disciplined for violations of the Uniform Code of Military Justice, and was separated from the Navy for "misconduct," with his service characterized as "Other than Honorable." AR 3–4, 313–17, 324.

This is the third time Plaintiff has sought correction of his military records by the BCNR. Each time, he has claimed that he suffered from mental health conditions — in particular, bipolar disorder — during his service, entitling him to various forms of relief. His first two requests were denied by the BCNR and by this Court. *Malcolm v. United States*, No. 17-1417C, 2018 WL 1770525 (Fed. Cl. Apr. 12, 2018), *aff'd*, 752 F. App'x 973 (Fed. Cir. 2018); *Malcolm v. United States*, No. 16-545C, 2017 WL 105946 (Fed. Cl. Jan. 11, 2017), *aff'd,* 690 F. App'x 687 (Fed. Cir. 2017).

Plaintiff's present request resembles the first two, except that he added records of psychological evaluations performed by the U.S. Department of Veterans Affairs ("VA") in 2018 after interviews with Plaintiff and his mother. AR 9–24. The VA evaluation contains statements that could be read to say that Plaintiff's mental illness affected him during his military service.

The BCNR granted partial relief, upgrading Plaintiff from an "Other than Honorable" discharge to a "General under Honorable Conditions" discharge and changing his discharge authority from a misconduct discharge to secretarial authority. AR 4–5. The BCNR stated that Mr. Malcolm "should have been administratively separated during basic training after being diagnosed with occupational problems … and, by placing him in an operational environment, the Navy likely exacerbated his adjustment disorder contributing to his misconduct." *Id.*

The BCNR denied Plaintiff's request for medical retirement. But in so doing, it failed to consider whether Plaintiff's VA evaluation shows that Plaintiff had undiagnosed mental conditions during his service. The Court therefore remanded for the BCNR to consider the VA evaluation in the first instance.

On remand, the BCNR reviewed the VA evaluation and obtained an advisory opinion from the Council of Review Boards. AR 459. The BCNR concluded that the 2018 VA evaluation does not show that Plaintiff had bipolar disorder at the time of discharge. That conclusion rested on several grounds, including: (1) The VA evaluation was too remote in time from Plaintiff's service to outweigh contemporaneous evidence that he did not have bipolar disorder during service; (2) the VA evaluation described Plaintiff as a "poor historian" of his mental condition, casting doubt on how accurately he described his past symptoms; and (3) Plaintiff's

mother, whom the VA described as a better historian than Plaintiff, did not report that Plaintiff had certain symptoms during Plaintiff's service. AR 461–62.

The BCNR therefore concluded that Plaintiff may have had "occupational problems" at the time of his service, but not an unfitting condition. AR 462. For similar reasons, the BCNR also reaffirmed its previous conclusion that Plaintiff was mentally responsible for his misconduct during service and therefore is not entitled to removal of derogatory information. *Id.*

The motions for judgment on the administrative record followed.

## **DISCUSSION**

A military service member may receive disability retirement if the secretary of his branch finds, among other things, that he is "unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay[.]" 10 U.S.C. § 1201(a)–(b); *see also* 10 U.S.C. § 101(a)(9). A member of the Navy who believes he was erroneously denied disability retirement may petition the BCNR for correction of his military record. *See Chambers v. United States*, 417 F.3d 1218, 1222 (Fed. Cir. 2005) (discussing the BCNR's Army counterpart); *Porter v. United States*, 131 Fed. Cl. 552, 558 (2017). The BCNR grants relief upon finding an error or injustice. 10 U.S.C. § 1552(a)(1). Members who are dissatisfied with the decision of the BCNR may obtain judicial review. *Chambers*, 417 F.3d at 1224–25.[3]

When resolving motions for judgment on the administrative record under RCFC 52.1(c), this Court proceeds "as if it were conducting a trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1354 (Fed. Cir. 2005); *see also Young v. United States*, 497 F. App'x 53, 58–59 (Fed. Cir. 2012). The Court reviews decisions of military record correction boards under the standards of the Administrative

---

[3] This Court has jurisdiction over this case. Plaintiff's claims for disability retirement arise under 10 U.S.C. § 1201, which is a money-mandating statute that supports Tucker Act jurisdiction. *See Fisher v. United States*, 402 F.3d 1167, 1174 (Fed. Cir. 2005) (citing *Sawyer v. United States*, 930 F.2d 1577 (Fed. Cir. 1991)).

A jurisdictional six-year statute of limitations generally runs from "[t]he decision by the first statutorily authorized board that hears or refuses to hear [a] claim" for disability retirement. *Chambers*, 417 F.3d at 1224; *see Friedman v. United States*, 310 F.2d 381, 395–96 (Ct. Cl. 1962); 28 U.S.C. § 2501. In this case, the first board to hear Plaintiff's claim for disability retirement was the BCNR, which denied it in 2017. Plaintiff filed his complaint in 2020, less than six years later. Even counting from the BCNR's resolution of Plaintiff's previous claim in 2015, the same result would hold. AR 199.

Plaintiff directed an earlier request for relief to the Naval Discharge Review Board, but that body is not authorized to hear claims for medical retirement, *see* 32 C.F.R. § 724.205(a)(9), and so its 2014 decision cannot trigger the statute of limitations. AR 211–12.

Procedure Act. *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009); *see* 5 U.S.C. § 706.

Especially when it comes to fitness for military service — which is not a "judicial province," *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) — that standard of review is narrow. This Court "may appropriately decide whether the military followed [its] procedures[.]" *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993); *see also Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Moreover, while it may not "reweigh[] the evidence" before the BCNR, *see Heisig*, 719 F.2d at 1157, the Court may consider whether the BCNR's decision "was based on a consideration of the relevant factors," *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)), and was "supported by substantial evidence," *Heisig*, 719 F.2d at 1157; *see also Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019) (stating that courts "may not substitute [their] judgment for that of [the agency]," but instead look to ensure the agency engaged in a reasonable decision-making process).

To be supported by "substantial evidence," the BCNR's decision must be based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the BCNR complied with the necessary procedures and reached a decision rationally supported by substantial evidence, it must be upheld. *Stine v. United States*, 92 Fed. Cl. 776, 791 (2010), *aff'd*, 417 F. App'x 979 (Fed. Cir. 2011).

Plaintiff argues that the BCNR's remand decision was not supported by substantial evidence. He also argues that the BCNR's conclusion that he had occupational problems that should have led to his separation, and which may have been "exacerbated" by his service, "shows that [he] was discharged due to his disability." Pl.'s Mot. at 3.[4]

I conclude, however, that the BCNR's decision survives this Court's deferential standard of review. The BCNR is correct that the VA evaluation was remote in time

---

[4] Plaintiff claims that his separation from the Navy was procedurally unfair in several respects. *E.g.*, Pl.'s Mot. at 4. As to Plaintiff's fitness, those claims would only matter if Plaintiff has evidence that he was in fact unfit for duty at the time of separation — otherwise, they are harmless. *See Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004) ("[S]trict compliance with procedural requirements is not required where the error is deemed harmless."). Even as to derogatory information in Plaintiff's military record, the BCNR found no evidence of unfairness, AR 462, and Plaintiff has not pointed to anything in the record to substantiate his claims. To the extent Plaintiff claims that the Navy violated his Sixth Amendment right to counsel at the time of his separation, Pl.'s Mot. at 4, the right to counsel very rarely applies to civil matters and does not apply in cases like Plaintiff's. *See Lariscey v. United States*, 861 F.2d 1267, 1270–71 (Fed. Cir. 1988).

from Plaintiff's service, and the BCNR therefore could reasonably determine that contemporaneous evaluations were more relevant and more accurate as to Plaintiff's condition during his service. In addition, the BCNR articulated rational reasons for weighing the evidence as it did: The VA in fact referred to Plaintiff as a "poor historian of autobiographical history pertaining to his psychiatric history and symptom presentation," AR 12, while his mother denied knowledge of certain symptoms Plaintiff claimed, AR 13.[5] Faced with potential inconsistencies in the evidence of Plaintiff's mental condition during his service, the BCNR could reasonably choose to credit the evidence it relied upon instead of the VA evaluation. Substantial evidence supports the BCNR's conclusion that Mr. Malcolm was not medically unfit for service because of his mental condition at the time of separation.

The BCNR's conclusion that Plaintiff should have been separated but was not unfit for duty thus goes solely to Plaintiff's fitness, which is not a question for this Court to decide. This Court does not run the Navy, *see Dodson v. U.S. Gov't, Dep't of Army,* 988 F.2d 1199, 1204 (Fed. Cir. 1993) (citing *Orloff v. Willoughby,* 345 U.S. 83, 93 (1953)), and "courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions," particularly on a question that touches on military fitness. *Heisig,* 719 F.2d at 1156.

I have considered all the evidence in the record, as substantial evidence review requires. *See Dixon v. Dep't of Transp., F.A.A.,* 8 F.3d 798, 804 (Fed. Cir. 1993) ("Because the substantiality of evidence must take into account whatever in the record fairly detracts from its weight, we must canvass the entire record.") (quoting *Spurlock v. Dep't of Justice,* 894 F.2d 1328, 1330 (Fed. Cir. 1990) (quotes and alteration omitted)); *Heisig,* 719 F.2d at 1157 ("Under the substantial evidence rule, *all* of the competent evidence must be considered, whether original or supplemental, and whether or not it supports the challenged conclusion."). The BCNR's conclusion is reasonable in light of the entire record.

Plaintiff additionally seeks $1 million in compensation, but does not explain why. There is no evident legal or factual basis for that claim, at least not one within this Court's jurisdiction to resolve, especially given that the BCNR's decision about medical retirement must be upheld. The money claim shall therefore be dismissed as well.

---

[5] The BCNR's statement that Plaintiff's mother "reported no recollection of [his] Bipolar-like symptoms while [he was] on active duty" may overstate the VA evaluation's report, *see* AR 462, but the substance is similar, and any misstatement is harmless in light of the BCNR's other findings.

## <u>CONCLUSION</u>

For the foregoing reasons, the government's motion is **GRANTED** and Plaintiff's motion is **DENIED**. Supplementation of the administrative record is **DENIED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

<u>s/ Stephen S. Schwartz</u>
STEPHEN S. SCHWARTZ
Judge